-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STEVE A. MCDONALD, A# 38-204-573,

           Petitioner,

    -v-

CHARLES MULE, Director Immigration and
Custom Enforcement,

           Respondent.

**DECISION AND ORDER**
05-CV-6367CJS(Fe)

---

Petitioner Steve McDonald, who is currently detained at the Buffalo Federal Detention Facility, has filed a petition pursuant to 28 U.S.C. § 2241, challenging a final order of removal by the Board of Immigration Appeals, dated February 26, 2004. Petitioner also seeks permission to proceed *in forma pauperis* and a stay of removal pending a determination by the Court of the petition. For the following reasons, petitioner's application to proceed *in forma pauperis* is granted and the petition is dismissed for want of jurisdiction because the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (codified at 8 U.S.C. § 1252), divested this Court of jurisdiction over petitions for habeas corpus relief challenging a final order of removal. Because this Court lacks jurisdiction over this petition, it has no jurisdiction to review petitioner's request for a stay and any further requests for a stay should be made to the Court of Appeals for the Second Circuit.[1]

---

[1] On July 14, 2005, the Acting United States Attorney for the Western District of New York submitted a letter to the Court advocating that the Court, pursuant to the Real ID Act, § 106(a)(1)(B)(5), must dismiss

On May 11, 2005, Congress enacted the Real ID Act, which became effective that same day. REAL ID Act of 2005, Pub. L. No. 109-13, § 106(b), 119 Stat. 231 (2005). Specifically, section 106(a)(1)(B), amends § 242(a) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1252 (2000), and adds the following jurisdictional provision:

> (5) Exclusive Means of Review – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals[2] in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act . . . .

REAL ID Act, § 106(a)(1)(B)(5), INA, § 242(a)(5), 8 U.S.C. § 1252(a)(5). The REAL ID Act also provides that the "district court shall transfer . . . to the court of appeals any case "challenging a final administrative order of removal that is "*pending* in a district court" on the date the Act became effective--May 11, 2005. REAL ID Act of 2005, Pub. L. No. 109-13, § 106(c), 119 Stat. 231 (2005) (emphasis added).[3]

---

all petitions for habeas corpus relief, pursuant to 28 U.S.C. § 2241, filed on or after May 11, 2005, that challenge a final order of removal and that the plain language of the Real ID Act does not authorize the Court to transfer said petitions to the court of appeals.

[2]The "appropriate court of appeals" is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." INA, § 242(b)(2), 8 U.S.C. § 1252(b)(2).

[3]Section 106(c) of the REAL ID Act provides in pertinent part that:

> If an alien's case, brought under section 2241 of this title, 28 United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is *pending* in a district court on the date of enactment of this [Act], then the district court shall transfer the case . . . the court of appeals for the circuit in which a petition for review could have properly filed under section 242(b)(2) of the [INA] . . . (Emphasis added).

2

The instant petition was filed in this Court on July 14, 2005 and, according to the petition, seeks review of an final order of removal entered by the Board of Immigrations Appeal on February 26, 2004. Petitioner does not challenge his continued detention and only seeks review of the final order of removal.

The Court finds that since petitioner challenges only an order of removal within the meaning of the REAL ID Act, § 106(b), INA, § 242(a)(5), as amended, 8 U.S.C. § 1252(a)(5), this Court has no jurisdiction to review the merits of the petition or to stay the order of removal. Since the petition was not "pending" on May 11, 2005, REAL ID Act, § 106(c), this Court does not have the authority to transfer this case to the court of appeals and it must be dismissed. *Munoz v. Gonzalez*, No. 05 Civ. 6056 (SHS), N.Y. Law Journal, July 25, 2005, Vol. 234-No. 16, at p. 23, col. 1 (S.D.N.Y. July 11, 2005); *see* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."); Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (district court may apply any or all of these rules to habeas petitions not filed under 28 U.S.C. § 2254).

---

The Second Circuit Court of Appeals' Special Notice, dated June 8, 2005, regarding the Real ID Act, addresses its preferred procedures for transferring cases from the district courts to the Court of Appeals pursuant to the Real ID Act, but does not address or discuss the issue presented herein, namely, whether the Court has the authority under the REAL ID Act, § 106(c), to transfer to the court of appeals cases that were not pending as of May 11, 2005.

3

As noted, the sole and exclusive means to review "an order of removal," such as the one challenged herein, is through a petition for review with the appropriate court of appeals.[4] REAL ID Act, § 106(a)(1)(B)(5); INA, § 242(a)(5), 8 U.S.C. § 1252(a)(5). In this matter the Second Circuit Court of Appeals is the appropriate court of appeals because, according to the petition, the Immigration Judge completed the immigration proceedings in Ulster County Correctional Facility, Napanoch, New York, which is located within the Second Circuit. INA, § 242(b)(2), as amended, 8 U.S.C. § 1252(b)(2).

Petitioner must file any notice of appeal from this Order with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS HEREBY ORDERED** that the application to proceed *in forma pauperis* is granted, the petition is dismissed for want of jurisdiction and the request for a stay of removal is denied without prejudice.

**FURTHER**, that leave to appeal as a poor person is denied.

**FURTHER**, that to inform respondent of the filing and dismissal of the petition the Clerk of the Court shall serve the petition and this Order upon the following:

---

[4]INA, § 242(b)(1), as amended, 8 U.S.C. § 1252(b)(1), provides that "[t]he petition for review must be filed **not later than 30 days** after the date of the final order of removal." (Emphasis added).

- United States Attorney for the Western District of New York, 138 Delaware Avenue, Buffalo, New York 14202;

- James W. Grable, District Counsel for the Department of Homeland Security, 130 Delaware Avenue, Room 203, Buffalo, New York 14202.

/s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: Aug 8, 2005